CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
JAN 1 6 2007
JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT S. CARROLL, )<br>    Petitioner, ) | Civil Action No. 7:07CV00012 |
| )<br>v. )<br>) | **MEMORANDUM OPINION** |
| UNKNOWN, )<br>    Respondent. ) | By: Hon. Glen E. Conrad<br>United States District Judge |

Robert S. Carroll, a Virginia inmate proceeding pro se, filed this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Carroll challenges the validity of his conviction in the Circuit Court for the County of Wise. For the following reasons, the court concludes that Carroll has failed to exhaust available state court remedies. Therefore, the court must dismiss his petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1]

## BACKGROUND

Carroll alleges that in January of 2005, he was sentenced to a term of imprisonment of two and a half years for "giving away pills." Carroll now claims that he is innocent of the crime with which he was charged, and that he was convicted in the absence of a witness "who knew the facts." Carroll acknowledges, however, that neither of these claims was previously raised in state court.

## DISCUSSION

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest

---

[1] Rule 4 provides that the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...."

state court with jurisdiction to consider the claims. In Virginia, a non-death row inmate can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Court of Appeals of Virginia, with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the Circuit Court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. Va. Code § 8.01-654. Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. Id. Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

In this case, it is undisputed that Carroll's present claims have not been adjudicated by the Supreme Court of Virginia. Therefore, he has failed to fully exhaust available state court remedies, as required by 28 U.S.C. § 2254(b). For this reason, Carroll's petition must be dismissed without prejudice.[2]

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner.

ENTER: This 16th day of January, 2007.

_/s/ Jull Conrad_
United States District Judge

---

[2] The petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. The petitioner is advised, however, that the time for filing a state or federal habeas petition is limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).

2